# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

RONNIE J. ANDERSON,

        Petitioner,

   v.                                  Case No. 06-C-0126

CATHY JESS,

        Respondent.

---

## ORDER

---

On January 30, 2005, Ronnie J. Anderson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Walworth County Circuit Court of first-degree sexual assault of a child, contrary to Wis. Stat. § 948.02, and was sentenced to thirty years imprisonment plus twenty years extended supervision. He is currently incarcerated at Dodge Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This court may grant a habeas petition only if the petitioner demonstrates that the

adjudication of his case in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding;

28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established Supreme Court precedent when the court applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion. *Williams v. Taylor,* 529 U.S. 362 (2000). If the case involves an "unreasonable application" of Supreme Court precedent, this court must defer to reasonable state court decisions and cannot grant the writ unless the state court's decision was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Petitioner's first alleged ground for relief is ineffective assistance of counsel. In order to show ineffective assistance of counsel petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's explanation of the alleged deficiencies in his counsel's performance consists of a description of a dispute he had with his appellate counsel concerning how to proceed on the appeal. Counsel advised petitioner that the only possible ground for relief was a post-conviction motion to withdraw his plea. Counsel recommended against filing such a motion, however, since it would involve reinstatement of several charges that were dismissed. Without advising counsel whether to file such a motion on his behalf, petitioner insisted that counsel file a no-merit brief with the Wisconsin Court of Appeals. Noting that he could not file such a report since one issue, i.e., plea withdrawal, had merit, counsel refused.

Eventually, the Court of Appeals issued an order explaining to petitioner that he could either elect to file a post-conviction motion or waive such a motion, at which time counsel would file a no-merit report. Petitioner apparently authorized a motion to withdraw his plea. The motion was unsuccessful and counsel thereafter filed a no-merit report. The Court of Appeals summarily affirmed the conviction and the trial court's denial of petitioner's motion to withdraw his plea. Petitioner offers no argument suggesting that the Court of Appeals decision was contrary to or involved an unreasonable application of clearly established federal law. In the face of this record, petitioner's claim that counsel was ineffective is without merit.

Petitioner's second alleged ground for relief is the denial of the right to an impartial trier of fact, which is guaranteed by the Due Process Clause of the Fourteenth Amendment. *In re Murchison*, 349 U.S. 133, 136 (1955). Petitioner alleges no facts supporting a claim that the Walworth County Circuit Court or the Wisconsin Court of Appeals were not impartial. Instead, he attacks their decisions on the merits. A review of those decisions reveals nothing that is contrary to, or involved an unreasonable application of, clearly established Federal law. Nor does it reveal an unreasonable determination of the facts in light of the evidence presented. I therefore conclude on the face of the petition and the exhibits annexed to it that petitioner is not entitled to relief under 28 U.S.C. § 2254.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Dated this 23rd day of February, 2006.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge