UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE J. ANDERSON,

        Petitioner,

v.                                            Case No. 06-C-0126

CATHY JESS,

        Respondent.

**ORDER**

On January 30, 2006, Ronnie J. Anderson filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Walworth County Circuit Court of first-degree sexual assault of a child, contrary to Wis. Stat. § 948.02, and was sentenced to thirty years imprisonment plus twenty years extended supervision. On February 23, 2006, the court entered an order summarily dismissing the petition on its merits. Petitioner has now moved for reconsideration of that order. For the following reasons, his motion for reconsideration will be denied.

Petitioner first complains that the court summarily dismissed his petition before he submitted a brief with citations to the legal authority that supported that petition. Rule 4 of the Rules Governing § 2254 Cases allows the court to summarily dismiss at petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The court concluded that the petition plainly lacked merit on its face and, accordingly, dismissed it pursuant to Rule 4. (Order of February 23, 2006 at 3.) On reconsideration, petitioner provides no legal authority suggesting that the court was wrong to conclude that petitioner is not entitled to relief in this court.

Next, petitioner incorrectly claims that he "was never given notice or a meaningful opportunity to be heard regarding his consent to magistrate [judge jurisdiction]." (Mot. at 5.) Petitioner consented to the jurisdiction of a magistrate judge in his petition. (Pet. at 12.) The court reviewed the petition and thus "heard" petitioner's consent. In the Eastern District of Wisconsin, however, General L.R. 3.1(3) provides that the district judge may refer a case to a magistrate judge only upon the consent of both parties. Such consent was never obtained from respondent, because the court concluded upon screening the petition that it lacked sufficient merit to warrant service upon the respondent.

Petitioner also complains that "there is no written signature–only typed names" on the court's order dismissing his petition. (Mot. at 5.) The "typed names" of which petitioner complains are electronic signatures. Electronic signatures are specifically authorized under the Federal Rules of Civil Procedure. Rule 5 states, in pertinent part, that "a court may by local rule permit papers to be filed, signed or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes." Fed. R. Civ. P. 5(e). The Electronic Case Filing Policies and Procedures enacted in this district specifically allow for the use of electronic signatures by judges on electronically filed orders. The orders previously entered in this matter have been electronically signed in accordance with these rules.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #6) is **DENIED.**

Dated this   10th   day of March, 2006.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge